UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ZHAKSHYLYK ADYLBEK UULU,

    *Petitioner*,

v.                                                    Case No. 3:26-cv-1134-JEP-PDB

WARDEN RONNIE WOODALL, et al.,

    *Respondents*.

_____/

## ORDER

Through counsel, Petitioner, a detainee of the United States Immigration and Customs Enforcement ("ICE"), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking, among other relief, an order directing Respondents to release him or, alternatively, provide him with a bond hearing. (Doc. 1 at 13, 22–25). Petitioner is a citizen of Kyrgyzstan who entered the United States near Hidalgo, Texas on about August 17, 2023. (*Id.* at 6; *see also* Doc. 1-2). The U.S. Customs and Border Protection authorized his parole into the country for about two years, through August 15, 2025. (Doc. 1 at 6; *see also* Doc. 1-2). Before his parole expired, Petitioner filed an Application for Asylum and for Withholding of Removal. (Doc. 1 at 6; *see also* Doc. 1-4). Petitioner was taken into ICE custody on about April 25, 2026, when his asylum application was still pending. (Doc. 1 at 7). He contends, among other

things, that his mandatory detention without an individualized bond hearing violates the Immigration and Nationality Act ("INA"). (*Id.* at 8–10, 19–20). At the heart of this case is Petitioner's contention that his detention is governed by 8 U.S.C. § 1226(a)—not § 1225(b)(2)(A). (*See generally id.*).

This Court previously addressed claims and arguments similar to those raised in this case, concluding that the Court has jurisdiction, but the relevant statutory language and context support the Federal Respondents' position that an alien without lawful admission who has resided in the United States for some appreciable period of time is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Diaz Lopez v. Dir. of Enf't of Removal Operations*, 817 F. Supp. 3d 1260 (M.D. Fla. 2026); *see also Lozano Sousa v. Ripa*, No. 3:25-cv-1617-JEP-PDB, 2026 WL 958794 (M.D. Fla. Mar. 27, 2026). However, on May 6, 2026, the Eleventh Circuit Court of Appeals took the opposite approach on the substantive issue under the INA, concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." *Hernandez Alvarez v. Warden*, --- F.4th ---, No. 25-14065, 2026 WL 1243395, at *14 (11th Cir. May 6, 2026).[1]

---

[1] Although the mandate has not yet issued, the Eleventh Circuit's published opinion has immediate precedential effect. *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (noting that a published opinion "is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by [the Eleventh Circuit] sitting en banc," and that a stay of the mandate "in no way affects the duty of . . . the courts in this circuit to apply now the precedent established by" the published opinion "as binding

2

While the opinion did not specifically address the circumstance of an individual who, like Petitioner, had been paroled into the country and whose parole had since expired, the reasoning of the opinion is equally applicable to Petitioner. Petitioner was detained within the interior of the United States—not at the border. *See Hernandez Alvarez*, 2026 WL 1243395, at *21 (recognizing "the longstanding border-interior distinction for purposes of [immigration] detention"). Indeed, the Federal Respondents concede that this Court is bound by the Eleventh Circuit's decision in this case. (Doc. 12).[2]

Therefore, it is **ORDERED**:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to Petitioner's claim that his detention without an individualized bond hearing violates the INA.[3] Within **seven days** of this Order, Respondents shall either afford Petitioner an individualized bond hearing consistent with 8 U.S.C.

---

authority"); 11th Cir. IOP—Cir. R. 36.2 ("Under the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result.").

[2] On the other hand, the Warden filed a motion to dismiss, arguing he is not a proper Respondent. (Doc. 11).

[3] Because the Court grants relief on the claim that Petitioner's detention violates the INA, the Court need not address Petitioner's other claims. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

3

§ 1226(a) or release Petitioner.[4] If Respondents release Petitioner, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2. The Warden's motion to dismiss (Doc. 11) is **DENIED** for the same reasons stated in *Lanvin-Valdez v. U.S. Immigr. & Customs Enf't*, No. 3:26-CV-180-JEP-SJH, 2026 WL 1004569, at *2–3 (M.D. Fla. Apr. 14, 2026).

3. The Clerk is **DIRECTED** to enter judgment granting the petition, terminate any pending motions as moot, and close this case.

---

[4] In his Reply, Petitioner argues that, despite the Federal Respondents' concession that he is entitled to an individualized bond hearing, the only proper remedy under the circumstances is his immediate release, citing this Court's decision in *Orozco Torres v. Warden*, No. 3:26-cv-646-TJC-LLL (M.D. Fla. Apr. 8, 2026). (*See* Doc. 13 at 1). The Court is unpersuaded by the argument. In *Orozco Torres*, the Court ordered the petitioner's release because an immigration judge had already refused to conduct a bond hearing under the authority of *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 220 (BIA 2025), so "sending [the case] back to the immigration judge would [have been] futile." *See* No. 3:26-cv-646-TJC-LLL, Doc. 11 at 15–16. But the *Orozco Torres* decision was issued before the Eleventh Circuit's *Hernandez Alvarez* opinion, which mandates that aliens in Petitioner's position are entitled to a bond hearing. *See* No. 25-14065, 2026 WL 1243395, at *14. The Federal Respondents concede as much; they do not maintain that, after *Hernandez Alvarez*, immigration judges can continue to deny bond hearings under the authority of *Matter of Hurtado*. (*See* Doc. 12).

**DONE AND ORDERED** in Jacksonville, Florida, on May 28, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Counsel of Record